1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY HENDERSON,

11              Plaintiff,                    No. 2:12-cv-2317 KJN P

12        vs.

13   DR. R. LANKFORD, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20        Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2

1  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6  as true the allegations of the complaint in question,  id., and construe the pleading in the light

7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9             1.  Defendant Lankford

10            Plaintiff names his treating physician, Dr. Lankford, as a defendant.  Plaintiff

11 alleges that defendant Dr. Lankford, without proper anesthetic, or prior tests to ascertain the

12 location of the bullet, performed surgery on plaintiff's right buttock to remove the bullet,

13 allegedly inflicting unnecessary and wanton pain, by digging around to locate the bullet, and

14 thereafter causing plaintiff residual pain and limping.  Plaintiff alleges that he subsequently

15 complained to Dr. Lankford about upper right leg numbness, and burning and excruciating pain,

16 but Dr. Lankford allegedly told plaintiff to "go sleep it off."  (Dkt. No. 1. at 11.)  Plaintiff

17 contends that Dr. Lankford did not provide plaintiff with pain medications following the surgical

18 procedure.  (Id.)

19            To state a section 1983 claim for a constitutional violation based on inadequate

20 medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

21 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,

22 plaintiff must show both that his medical needs were objectively serious, and that defendant

23 possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);

24 McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

25 significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

26 patient would find worthy of comment or treatment, or the existence of chronic and substantial

1  pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

2  grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

3           Deliberate indifference may be shown by the denial, delay or intentional

4  interference with medical treatment or by the way in which medical care is provided.  Hutchinson

5  v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison

6  official must both be aware of facts from which the inference could be drawn that a substantial

7  risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S.

8  825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of

9  serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

10  847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial

11  risk of serious harm."  Id. at 842.  A physician need not fail to treat an inmate altogether in order

12  to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312,

13  1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

14  treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  Deliberate

15  indifference in the medical context may also be shown by a purposeful act or failure to respond

16  to a prisoner's pain or possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

17  2006).

18           However, it is important to differentiate common law negligence claims of

19  malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel

20  and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical

21  malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d

22  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391

23  F.3d 1051, 1057 (9th Cir. 2004).   It is well established that mere differences of opinion

24  concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

25  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344

26  (9th Cir. 1981).

1    In the instant complaint, plaintiff does not allege facts demonstrating that Dr.

2   Lankford acted with a culpable state of mind in performing the surgery.  Rather, the facts alleged

3   demonstrate negligence or medical malpractice, rather than deliberate indifference.  Plaintiff may

4   be able to state a cognizable civil rights claim based on Dr. Lankford's subsequent failure to treat

5   plaintiff, or to provide plaintiff with pain medications, but plaintiff's allegations are too vague

6   and conclusory to determine whether plaintiff's claims as to Dr. Lankford are frivolous or fail to

7   state a claim for relief.  Accordingly, plaintiff is granted leave to amend to plead sufficient facts

8   as to Dr. Lankford.

9        2.  Remaining Defendants

10    In addition, plaintiff names various defendants in their supervisory roles, or due to

11   their roles in addressing plaintiff's administrative grievances concerning the surgical procedure

12   performed by Dr. Lankford.

13    The Civil Rights Act under which this action was filed provides as follows:

14    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the

15    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at

16    law, suit in equity, or other proper proceeding for redress.

17   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

19   Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

20   § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

21   (no affirmative link between the incidents of police misconduct and the adoption of any plan or

22   policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

23   another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

24   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

25   legally required to do that causes the deprivation of which complaint is made."  Johnson v.

26   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the

2  actions of their employees under a theory of respondeat superior and, therefore, when a named

3  defendant holds a supervisorial position, the causal link between him and the claimed

4  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

5  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

6  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

7  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

8  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

9  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

10 personal participation is insufficient).

11    Here, plaintiff claims that defendant Barns is the Warden of High Desert State

12 Prison, who plaintiff alleges is legally responsible for the operation of the prison and the welfare

13 of its inmates.  (Dkt. No. 1 at 7.)  Plaintiff claims defendant Dr. Hoffman is a superior of Dr.

14 Lankford, and that Dr. Hoffman "insisted that an x-ray was not necessary to perform a bullet

15 removal sitting on plaintiff's sciatic nerve." (Dkt. No. 1 at 9.)  Plaintiff contends that defendant

16 Dr. Swingle, the Chief Medical Officer, is the lead medical executive "under which all rules

17 managing, procedures, and policies falls upon."  (Dkt. No. 1 at 10.)  These allegations are based

18 solely on a theory of respondeat superior, and are therefore not sufficient.  Moreover, Dr.

19 Hoffman saw plaintiff after Dr. Lankford performed the surgical procedure; therefore, his

20 statement concerning the procedure, standing alone, does not constitute deliberate indifference.

21    Plaintiff also alleges that defendant Dr. Lee interviewed plaintiff in connection

22 with his first level appeal of Dr. Lankford's surgical procedure, and denied plaintiff's appeal.

23 However, prisoners have no stand-alone due process rights related to the administrative

24 grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

25 Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

26 inmates to a specific grievance process).  Put another way, prison officials are not required under

1     federal law to process inmate grievances in a specific way or to respond to them in a favorable

2     manner.  Because there is no right to any particular grievance process, plaintiff cannot state a

3     cognizable civil rights claim for a violation of his due process rights based on allegations that

4     prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon,

5     2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied

6     or ignored his inmate appeals failed to state a cognizable claim under the First Amendment);

7     Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations

8     that prison officials failed to timely process his inmate appeals failed to a state cognizable under

9     the Fourteenth Amendment).  Therefore, plaintiff should omit allegations concerning the

10     handling of administrative appeals, and details concerning exhaustion of administrative appeals,

11     from any amended complaint.  Moreover, because the surgical procedure was completed by the

12     time Dr. Lee reviewed plaintiff's appeal, her involvement in denying the first level appeal,

13     without more, does not constitute deliberate indifference.

14            3.  Alleged Conspiracy

15         Plaintiff makes vague references to an alleged conspiracy among the named

16     defendants.  First, plaintiff fails to allege a constitutional violation occurred.  Even if plaintiff had

17     alleged a constitutional violation, plaintiff failed to allege a conspiracy.  A conspiracy claim

18     brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate

19     constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel

20     Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation

21     omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071

22     (9th Cir. 2006).  "'To be liable, each participant in the conspiracy need not know the exact details

23     of the plan, but each participant must at least share the common objective of the conspiracy.'"

24     Franklin v. Fox, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

25         The federal system is one of notice pleading, and the court may not apply a

26     heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and

1   County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005).  However, although accepted as

2   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

3   level. . . ."  Twombly, 550 U.S. at 555.  A plaintiff must set forth "the grounds of his entitlement

4   to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the

5   elements of a cause of action. . . ."  Id. (internal quotations and citations omitted); see Ashcroft v.

6   Iqbal, 129 S.Ct. 1937, 1949 (2009).  Here, the alleged involvement of the defendants other than

7   Dr. Lankford occurred after the surgical procedure was performed.  Plaintiff failed to allege any

8   facts demonstrating that any of the named defendants were even aware that Dr. Lankford would

9   be performing the surgical procedure.

10          Therefore, plaintiff's bare allegation that defendants conspired to violate

11  plaintiff's constitutional rights are insufficient to give rise to a conspiracy claim under § 1983.

12          4.  Injunctive Relief

13          Plaintiff seeks a preliminary and permanent injunction against defendants.

14  However, at the time plaintiff filed the complaint, he was housed at High Desert State Prison,

15  which is where the named defendants are employed.  Plaintiff is now incarcerated at the

16  California State Prison in Corcoran.

17          When a prisoner is transferred from a prison, claims for injunctive relief arising

18  from conditions at the former prison become moot.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th

19  Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)).  Plaintiff does not

20  allege that there is a reasonable possibility of returning to High Desert State Prison, so his prayer

21  for injunctive relief does not fall within the "capable of repetition yet evading review" exception

22  to the mootness doctrine.  See Dilley, 64 F.3d at 1368.  Finally, plaintiff does not allege that

23  defendants have any authority over plaintiff's housing or other conditions of plaintiff's

24  confinement at the California State Prison in Corcoran.  This court is unable to issue an order

25  against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v.

26  Hazeltine Research, Inc., 395 U.S. 100 (1969).  Therefore, plaintiff should not renew his claims

1  for injunctive relief in any amended complaint.

2      5. <u>Conclusion</u>

3          Therefore, the court determines that the complaint does not contain a short and

4  plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

5  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

6  plainly and succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

7  Plaintiff must allege with at least some degree of particularity overt acts which defendants

8  engaged in that support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the

9  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

10  however, grant leave to file an amended complaint.

11          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

12  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

13  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

14  how each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983

15  unless there is some affirmative link or connection between a defendant's actions and the

16  claimed deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,

17  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

18  participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,

19  268 (9th Cir. 1982).

20          In addition, plaintiff is hereby informed that the court cannot refer to a prior

21  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

22  an amended complaint be complete in itself without reference to any prior pleading.  This

23  requirement exists because, as a general rule, an amended complaint supersedes the original

24  complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

25  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

26  amended complaint, as in an original complaint, each claim and the involvement of each

9

1  defendant must be sufficiently alleged.

2          In accordance with the above, IT IS HEREBY ORDERED that:

3          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7  Director of the California Department of Corrections and Rehabilitation filed concurrently

8  herewith.

9          3.  Plaintiff's complaint is dismissed.

10         4.  Within thirty days from the date of this order, plaintiff shall complete the

11 attached Notice of Amendment and submit the following documents to the court:

12              a.  The completed Notice of Amendment; and

13              b.  An original and one copy of the Amended Complaint.

14 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

15 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

16 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

17 Failure to file an amended complaint in accordance with this order may result in the dismissal of

18 this action.

19 DATED:  December 13, 2012

20

21                                          _____

22                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

23 hend2317.14

24

25

26

                                            10

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY HENDERSON,

11              Plaintiff,              No. 2:12-cv-2317 KJN P

12        vs.

13   DR. R. LANKFORD, et al.,          NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____   Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26