UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HENDERSON, | No. 2:12-cv-2317 KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| DR. R. LANKFORD, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

On June 11, 2014, plaintiff filed a request for the court to forward discovery to defendant. (ECF No. 37.) Plaintiff states that he was attacked on the yard on May 26, 2014, and placed in administrative segregation until transfer or his parole date of October 3, 2014. Plaintiff claims that he mailed the discovery requests to counsel for defendant at the Office of the Attorney General, but it was returned by the post office. It appears that plaintiff used the proper address for defendant's counsel. (ECF No. 37 at 1.) Because plaintiff's property was placed in storage for ten days, plaintiff claims he mailed the discovery requests to the court for service by the court on defendant Lankford's counsel at plaintiff's expense.

However, there were no discovery requests appended to plaintiff's request. (ECF No. 37.) Because the court did not receive plaintiff's discovery requests, plaintiff's request is denied. Given the impending discovery deadline of June 27, 2014, the court sua sponte extends the

1

discovery deadline to provide plaintiff an opportunity to serve his discovery requests on defendant.

On June 20, 2014, defendant filed a motion to compel further responses to interrogatories. Plaintiff is advised that the instant order does not alter his obligation to respond to defendant's motion within twenty-one days, pursuant to Local Rule 230(l).

Plaintiff also seeks the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to forward discovery requests (ECF No. 37) is denied;

2. The discovery and scheduling order is revised as follows:

   a. The June 27, 2014 discovery deadline is continued to July 28, 2014;

   b. The September 19, 2014 deadline for filing pretrial motions, except motions to compel discovery, is continued to October 20, 2014; and

   c. In all other respects, the Scheduling Order, dated March 7, 2014, shall remain in full force and effect.

1     3. Plaintiff's motion for the appointment of counsel (ECF No. 36) is denied without
2 prejudice.
3 Dated: June 26, 2014

5 /hend2317.31(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE