UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HENDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. R. LANKFORD, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-2317 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel.  On July 7, 2014, plaintiff filed a document entitled "Case-in-Chief."  Plaintiff states that on June 17, 2014, he signed an authorization for release of his medical file, in which he requested that "all direct and indirect information," be sent to the court to support his case, but that the medical records department has not produced such documents.  (ECF No. 43 at 1.)  Plaintiff also inquired whether subpoenas for his witnesses are submitted to the court or to the U.S. Marshal.

　　　　First, submission of evidence to the court at this time is premature.  If plaintiff seeks medical records to support his claims, he may personally view his medical records at the prison by requesting an Olson Review, and during such review he is allowed to photocopy documents pertinent to his claims at issue here.  Moreover, given that plaintiff has been incarcerated since April 9, 1997, there are likely to be many medical records in plaintiff's prison medical file that are not relevant to the claims at issue here.  This action is proceeding solely as to plaintiff's claim

1

1 that defendant Dr. Lankford violated plaintiff's Eighth Amendment rights in connection with the
2 treatment and attempted removal of the bullet fragment.  (ECF No. 19 at 4.)  Thus, any medical
3 records should be limited to those relevant to plaintiff's Eighth Amendment claim against
4 defendant Dr. Lankford.

5 　　　　Second, with regard to witnesses, plaintiff is directed to the court's scheduling order
6 issued March 7, 2014.  (ECF No. 33.)  In that order, plaintiff was advised that to obtain the
7 testimony of an incarcerated witness, he must file a motion for the attendance of such witness
8 with his pretrial statement, whether or not the incarcerated witness agrees to testify voluntarily.
9 (ECF No. 33 at 2-3.)  If plaintiff seeks the testimony of physicians or other unincarcerated
10 witnesses who refuse to testify voluntarily, plaintiff must submit the appropriate witness and
11 travel fees, as well as the completed subpoena forms to the United States Marshal, by following
12 the specific directions set forth in the March 7, 2014 scheduling order.  (ECF No. 33 at 4:4-16.)
13 In any event, plaintiff's motion for the attendance of witnesses shall not be filed until plaintiff
14 files his pretrial statement, and the subpoenas are to be submitted to the U.S. Marshal no earlier
15 than four weeks and not later than two weeks before trial.  Once dispositive motions are resolved,
16 the court will issue a further scheduling order in which such details are repeated, and the parties
17 are provided a deadline for filing pretrial statements, and a trial date set.  Therefore, plaintiff
18 should not file such motions or witness subpoenas at this time.

19 　　　　Finally, on July 11, 2014, plaintiff filed an untitled document in which he states that he
20 failed to retain a copy of his amended complaint.  Plaintiff states that he "has about 200
21 documents that will need to [be] entered during the material phase of the proceedings, and will
22 also need a filed copy of the amended complaint to stave off any potential itemize [sic] error."
23 (ECF No. 45 at 2.)  Plaintiff's 43 page amended complaint was filed on January 16, 2013.  The
24 court does not provide copies of documents to parties.  Copies of documents may be obtained
25 from Cal Legal Support Group: 3104 "O" Street, Suite 291, Sacramento, CA 95816.  Their phone
26 number is 916-441-4396.  The court will provide copies of the docket sheet at $0.50 per page.
27 Checks in the exact amount are made payable to "Clerk, USDC."  Please note that plaintiff's in
28 forma pauperis status does not entitle him to free photocopies.

With regard to plaintiff's statement that he intends to submit 200 documents to the court, plaintiff is required to submit evidence in support of, or in opposition to, a dispositive motion, and at trial. In such instances, plaintiff's evidence must be relevant to plaintiff's Eighth Amendment claim at issue here.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request (ECF No. 43) is granted; and

2. Plaintiff's request for an endorsed filed copy of the amended complaint without charge (ECF No. 45) is denied.

Dated: July 18, 2014

/hend2317.inf

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE