1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFREY HENDERSON,                          No.  2:12-cv-2317 KJN P

12              Plaintiff,

13         v.                                      ORDER

14    DR. R. LANKFORD,

15              Defendant.

16

17        Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff consented to proceed before the undersigned for all

19    purposes.  See 28 U.S.C. § 636(c).  On October 17, 2014, defendant filed a motion for summary

20    judgment.  On October 17, 2014, plaintiff was advised of the requirements for opposing a motion

21    pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d

22    952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.

23    1988).

24        On March 4, 2015, after receiving three extensions of time (ECF Nos. 64, 66, 70), plaintiff

25    was ordered to file an opposition or a statement of non-opposition to the pending motion within

26    fourteen days.  In that same order, plaintiff was advised of the requirements for filing an

27    opposition to the pending motion and that failure to oppose such a motion would be deemed as

28    consent to have the:  (a) pending motion granted; (b) action dismissed for lack of prosecution; and

1

1 | (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.

2 | Plaintiff was also informed that failure to file an opposition would result in the dismissal of this

3 | action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 71.)

4 |        The fourteen day period has now expired and plaintiff has not filed an opposition or

5 | otherwise responded to the court's order.

6 |        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

7 | action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

8 | 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

9 | court order the district court must weigh five factors including:  '(1) the public's interest in

10 | expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

11 | prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

12 | and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

13 | Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

14 | F.3d 52, 53 (9th Cir. 1995).

15 |        In determining to recommend that this action be dismissed, the court has considered the

16 | five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal

17 | of this action.  The action has been pending for over two and one-half years, and has reached the

18 | stage, set by the court's March 7, 2014 scheduling order, for resolution of dispositive motions

19 | and, if necessary, preparation for pretrial conference and jury trial.  (ECF No. 33.)  Plaintiff's

20 | failure to comply with the Local Rules and the court's March 4, 2015 order suggests that he has

21 | abandoned this action and that further time spent by the court thereon will consume scarce

22 | judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

23 |        Under the circumstances of this case, the third factor, prejudice to defendant from

24 | plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the

25 | motion prevents defendant from addressing plaintiff's substantive opposition, and would delay

26 | resolution of this action, thereby causing defendant to incur additional time and expense.

27 | ////

28 | ////

1    The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements

2    under the Local Rules and granted ample additional time to oppose the pending motion, all to no

3    avail.  The court finds no suitable alternative to dismissal of this action.

4    The fourth factor, public policy favoring disposition of cases on their merits, weighs

5    against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first,

6    second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case,

7    those factors outweigh the general public policy favoring disposition of cases on their merits.  See

8    Ferdik, 963 F.2d at 1263.

9    For the foregoing reasons, IT IS HEREBY ORDERED that this action is dismissed

10   without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

11   Dated:  March 26, 2015

12

13   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

14

15   /hend2317.dsm.nop

16

17

18

19

20

21

22

23

24

25

26

27

28

3